STATE v. WILLIS HAUGHTON.

Petit larceny being a felony in this State, the Special Court estab--, lished for the City of Wilmington has no jurisdiction of it.

LARCENY, tried before *Cantwell*, J., at January Term 1869,. of the Special Court of WILMINGTON.

The defendant was indicted for stealing "one, axe, of the value of five cents," and thereupon demurred on the ground that the Court had not jurisdiction. The Court sustained the demurrer, and directed the defendant to be discharged. From this order the Solicitor appealed.

*Attorney General*, for the State.

No counsel, *contra.*

DICK, J. The jurisdiction of the Special Court estab--lished in the city of Wilmington is limited to the trial of mis-demeanors committed within the corporate limits of said city. Acts 1868, ch. 12.

The defendant in this case was indicted in said Court for petit larceny, and the question presented for our consideration is, whether the said Special Court has jurisdiction of the offence charged.

Petit larceny is a felony at common law, and occasioned a forfeiture of goods and chattels, and rendered a person con-victed infamous, and incompetent as a witness in a court of justice. C. Lit. 391, a. 4 Black. 94, 3 Chit. Crim. Law, 928.

In an indictment for this crime at common law, it is necessary to allege that the goods were taken *feloniously*, 1 Hawkins, P. C. 152. In this State we have established the common law by .statute, so far as it is adapted to our form of government; Rev. Code, ch. 22.

Forfeiture of lands and goods (and not capital punishment) is the chief characteristic at common law distinguishing felo-.nies from misdemeanors; 4 Black. 94.

Forfeiture and corruption of blood for crime are unknown in this State, yet the distinction between felonies and misde- meanors is a part of the common law which we have adopted, and in some respect the distinction is still important. The ordinary common law punishment for felonies is death by hanging, and the idea of capital punishment is usually asso- ciated with such crimes. The influence of christianity upon the legislation and judicial proceedings of our ancestors greatly mitigated the severities of the common law, by allowing the benefit of clergy in many cases of felony.

Petit larceny was never a capital felony, and at common law was only punishable with whipping, imprisonment, or other corporal punishment, and a forfeiture of goods and chattels. The distinction between grand and petit larceny, although for- merly of great importance, has been entirely abolished, both in England and in this State. In England petit larceny has been elevated to the degree of grand larceny by Stat. 7 and 8, Geo. IV, Ch. 29, and in this State simple larcenies are all punished as petit larceny. R. C. ch. 34, s. 26. In many of the States of the Union, petit larceny has been made a misde- meanor by statute, and as the common law punishment for the offence has been recently so greatly changed, we see no good reason why larceny should any longer remain in the list of felonies. It may have been the intention of the framers of the statute above referred to (R. C. ch. 34, s. 26) to make larceny a misdemeanor, but we do not feel authorized by a forced judicial construction to abolish a long established rule of the common law, and thus by implication to enlarge the author- ity of a Court of limited jurisdiction.

There is no error in the ruling of his Honor in the Court below, and the judgment is affirmed.

Let this be certified, &c.

PER CURIAM. No Error.